UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER VACATING BANKRUPTCY COURT'S DENIAL OF MOTION FOR NEW TRIAL AND REMANDING FOR FURTHER PROCEEDINGS

### I.   Introduction

Appellant Sharlene Willard ("Willard") appeals from the bankruptcy court's order denying her motion for new trial or reconsideration of the judgment entered against her. For the following reasons, the bankruptcy court's order denying the motion for new trial is VACATED and the case is REMANDED for further proceedings consistent with this order.

### II.   Factual and Procedural Background

Appellee Sherrie Nicole Lockhart Johnson ("Debtor") commenced the underlying Chapter 7 case by filing a voluntary petition on January 29, 2020. Bankruptcy Court's Findings of Fact and Law, ECF No. 17, Appendix 8 ("Bkr. Findings"), at 2. Willard initiated the adversary proceeding at issue (the "Action") against Debtor on March 26, 2020, and filed an amended complaint adding Debtor's nondebtor spouse, Steve Todd Johnson ("Johnson," collectively with Debtor, "Appellees"), as a defendant, on December 28, 2021. *Id.* No attorney ever appeared in the Action on behalf of either party. *Id.*

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

    Ordinarily, the filing of a Chapter 7 petition passes all community property, including community debts, into the bankruptcy estate, and the community property discharge operates as an injunction against actions to collect or recover from the property of the debtor, unless community property is excepted from discharge. 11 U.S.C. § 541; 11 U.S.C. § 524(a)(3).

    Willard's complaint sought to have excepted from the community property discharge a debt Johnson owed to Willard pursuant to a judgment entered against Johnson in Los Angeles Superior Court. Bkr. Findings at 2. Willard sought exception from the discharge on the ground that the amounts would have been excepted from the discharge under either of Bankruptcy Code sections 523(a)(2)(A) and 523(a)(6) if Johnson had filed his own bankruptcy case on the date of Debtor's original Chapter 7 petition. *Id.*

    The main issues in the Action were twofold: the bankruptcy court needed to determine 1) whether the debt in question was a community debt (the "Community Property Issue"); and 2) whether the debt should be included in the discharge or excepted (the "Nondischargeability Issue"). *Id.* at 3. The bankruptcy court found that resolution of the Nondischargeability Issue may moot the Community Property Issue, and therefore in order to streamline the issues in the Action set a trial on the Nondischargeability Issue for May 23, 2024, at 10:00 a.m. *Id.* at 3-4. As to the Nondischargeability Issue, Willard brought claims under two different discharge exceptions, arguing that at least one of the two applied to the debt against Johnson. *Id.* at 2.

    *First*, Willard brought a claim under section 523(a)(2)(A), which excepts from a discharge in bankruptcy debts for money, property, services, or an extension or renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation or actual fraud (other than a statement concerning debtor's or an insider's financial condition). *Id.* at 2, 8. Willard based this claim on her contention that Johnson falsely represented to her that he was a licensed contractor and that, but for this false representation, she never would have agreed to work with him and/or Pro-Team Contractors, the company Johnson worked with. *Id.* at 2.

                                                                                                                        :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

    *Second*, Willard brought a claim under section 523(a)(6), which excepts from a discharge in bankruptcy debts for "willful and malicious injury by the debtor to another entity or to the property of another entity." *Id*. at 2, 9. Willard based this claim on her contention that, despite continual requests and receipt of payments, Johnson did not complete the work that he had agreed to complete and instead caused damage to her home. *Id*. at 2.

    Before trial, the bankruptcy court ordered the parties to participate in a mediation for the purpose of preparing a joint pretrial order. *Id*. at 8. On February 21, 2024, the parties filed a pretrial stipulation as to certain contentions and admissions made, which the bankruptcy court approved, subject to modifications, on March 12, 2024. *Id*. at 4.

    Trial commenced at approximately 10:13 a.m. on May 23, 2024. *Id* at 5. Appellees appeared for trial, while Willard did not appear either in person or through counsel. *Id*. The bankruptcy court's chambers staff checked both voicemail and email multiple times and found no message from Willard regarding her failure to appear. *Id*. Trial subsequently concluded at 10:40 a.m. *Id*. At approximately 10:50 a.m., Willard telephoned a member of the bankruptcy court's chambers to advise she was on her way to court; chambers staff advised Willard that there was no longer any reason to appear, as trial had already concluded. *Id*. at 6.

    Later that same day, the bankruptcy court issued its findings of fact and conclusions of law, ultimately concluding that Willard failed to carry her burden of proof on either claim and that Willard's claims against Johnson would not be excepted from the community property discharge. *Id*. at 10-11.

    As to Willard's section 523(a)(2)(A) claim, the bankruptcy court found that Johnson did not make any false representation to Willard because she provided no evidence that Johnson ever represented that he personally, as distinguished from Pro-Team Contractors, had a contractor's license. *Id*. at 6. The bankruptcy court found that there was no dispute, based on the stipulation, that Johnson gave Willard the contractor's license number for Pro-Team Contractors, which Willard checked and found legitimate. *Id*. Additionally, a witness for Pro-Team Contractors testified in his deposition that

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

Johnson had at various points in time worked for Pro-Team Contractors to secure contracts for them and had been authorized to enter into a contract with Willard on Pro-Team Contractors' behalf. *Id.* at 6.

Because no evidence indicated that Johnson ever represented to Willard that he had an individual contractor's number, and Johnson was authorized to secure cotnracts for Pro-Team Contractors, the bankruptcy court had no basis to find that Johnson made a false representation to Willard. *Id.* The bankruptcy court further found that even if Johnson had represented that the license number that he provided was his own license number (rather than that of Pro-Team Contractors), Willard could not have justifiably relied on any such representation because, before hiring Pro-Team Contractors, she looked up the license number to confirm that it was valid. *Id.* at 7. The bankruptcy court therefore concluded that Willard had failed to establish any elements of her claim under section 523(a)(2)(A). *Id.* at 9.

As to Willard's section 523(a)(6) claim, the bankruptcy court found that Willard never provided any evidence to support her contention that Johnson was the cause of any damage to her property or that any alleged damage was willful or malicious. *Id.* at 7. The bankruptcy court also found that Willard never provided any evidence to support her contention that Johnson intended to cause her harm or knew that harm was substantially certain to occur from his actions. *Id.* at 7-8. The bankruptcy court therefore concluded that Willard had failed to establish any elements of her claim under section 523(a)(6). *Id.* at 10.

The bankruptcy court noted as relevant to Willard's failure to appear at trial that the Action had been pending for over four years, and that Willard had more than ample notice of the bankruptcy court's intention to conduct a trial on May 23, 2024. *Id.* Further, Willard did not request a continuance or otherwise report to the bankruptcy court any reason she would not have been able to appear, nor was there a weather condition or other natural disaster on the day of trial. *Id.*

Debtor moved for a new trial or for reconsideration of the bankruptcy court's order on June 12, 2024, and the bankruptcy court denied the motion on June 14, 2024. Bankruptcy Court's Order Denying New Trial and Reconsideration, ECF No. 17, Appendix 10 ("Reconsideration Order"), at 1.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

In ruling on the motion, the bankruptcy court found that Willard did not claim the judgment was entered by mistake, inadvertence, or surprise, nor assert any of the other relevant bases under Civil Rule 60(b). *Id.* at 3. Willard instead only asserted as a basis for reconsideration or new trial her excusable neglect in failing to appear for trial. *Id.* The explanation Willard submitted for her failure to appear for trial was that Willard "made every reasonable effort to arrive at the hearing on time but couldn't due to the sickness and physical debilitation I was experiencing following the onset of a sudden, unpredictable, recurring medical issue that I could neither control nor alleviate." *Id.* at 4.

The bankruptcy court found that Willard had never advised it at any time during the 4 years of the Action that Willard had any medical condition or issue that would have prevented her from appearing at trial, nor had Willard failed to appear at any prior hearings due to such an issue. *Id.* at 4. Willard's motion also did not disclose any efforts made to arrive on time, what exactly prevented her from doing so, and why or when the issue that suddenly appeared then miraculously dissipated such that Willard did get into the car and head to court later on the morning of the trial date. *Id.* The motion also lacked information regarding the failure of two witnesses who were to assist Willard in presenting her case in chief did not appear and any corroborating records or information. *Id.*

The bankruptcy court concluded that Willard had failed to set forth facts and circumstances for a finding of excusable neglect. *Id.* at 5. Finding that Willard had failed to set forth any grounds for reconsideration or new trial, the bankruptcy court denied the motion. *Id.* at 5-6.

Willard timely filed her notice of appeal on June 28, 2024. Notice of Appeal, ECF No. 1. Willard appeals from the bankruptcy court's order denying her motion for new trial or for reconsideration. *Id.*

### III.     Standards of Review

When a district court is tasked with appellate review of a decision by a bankruptcy court, the district court "functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Tighe v. Valencia*, 284 B.R. 463, 468 (C.D. Cal. 2002) (citation omitted). "In

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

an appeal from an order of a bankruptcy court, conclusions of law are reviewed de novo and findings of fact are reviewed for clear error." *Szanto v. Lewin*, 2016 WL 6514108, at *1 (C.D. Cal. 2016) (citing *Blausey v. U.S. Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009)). The clear error standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *United States v. Bourseau*, 531 F.3d 1159, 1164 (9th Cir. 2008) (internal quotation marks omitted).

An order may be affirmed on any ground supported by the record. *Thrifty Oil Co. v. Bank of America, Nat'l Trust and Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003); *In re DeMasi*, 227 B.R. 586, 587 (D. R. I. 1998)("the Court is not bound to remain within the confines of the Bankruptcy Court's reasoning for its decision, but is free to affirm the decision below on any ground supported by the record").

Both a bankruptcy court's denial of a motion for reconsideration and denial of a motion for new trial are reviewed for an abuse of discretion. *In re Negrete*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995), *aff'd,* 103 F.3d 139 (9th Cir. 1996) (motion for reconsideration); *In re Nguyen*, No. ADV.SA 05-01283 RK, 2010 WL 6259976, at *4 (B.A.P. 9th Cir. Apr. 12, 2010) (citing *In re Nunez*, 196 B.R. 150, 155 (B.A.P. 9th Cir. 1996)) (motion for new trial).

**IV.     Discussion**

The Court finds that the bankruptcy court did not clearly err in making any of its factual findings nor were any of its conclusions of law incorrect. However, the bankruptcy court abused its discretion in denying Willard's motion for new trial. Therefore, the Court vacates the bankruptcy court's order and remands for further proceedings.

    **A.     Bankruptcy Court's Findings of Fact and Law**

The Court finds no clear error in the bankruptcy court's factual findings, nor does this Court's de

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

novo review of the bankruptcy court's legal conclusions find any reason for reversal.

*First*, the bankruptcy court did not clearly err in its factual findings. As a result of her failure to appear for trial, Willard presented no evidence to the bankruptcy court to carry her burden to establish the elements of her claims. Further, significant evidence in the parties' pretrial stipulation indicated that no fraud was present that would support Willard's claim under section 523(a)(2)(A). Only scant evidence described the extent of the damage to Willard's house to establish injury for her claim under section 523(a)(6), and no evidence gave any indication that Johnson caused such injury, let alone that Johnson intended to cause Willard harm or knew that harm was substantially certain to occur.

*Second*, and based on the complete lack of evidence to support Willard's claims, it was not erroneous for the bankruptcy court to conclude that Willard had failed to establish any of the elements necessary for her claims. Willard failed to carry her burden of proof on either of her theories, so the bankruptcy court did not err in finding for Appellees.

In sum, because the bankruptcy court did not clearly err in making its factual findings and *de novo* review provides no reason to disturb its legal conclusions, there is no basis for reversal of the judgment itself on its own terms. Given no evidence, the bankruptcy court could not have found otherwise. However, the bankruptcy court had no evidence precisely because trial never occurred, and a trial should have been held in this instance.

    **B.**    **Bankruptcy Court's Order Denying New Trial and Reconsideration**

The Court finds that the bankruptcy court abused its discretion in denying Willard's motion for a new trial. Willard asserted, as the basis for her motion, that her failure to appear for trial was the product of excusable neglect.

Under Civil Rule 60(b)(1), a court may relieve a party from an earlier order of judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Civil Rule 60(b) applies in bankruptcy cases pursuant to the terms of Bankruptcy Rule 9024. Fed. R. Bankr. P.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

9024.

    Excusable neglect "encompass[es] situations in which the failure to comply with a…deadline is attributable to negligence," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 394, (1993), and includes "omissions caused by carelessness," *id.* at 388. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. To determine when neglect is excusable, *Pioneer* specifies to undertake an equitable analysis by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer,* 507 U.S. at 395).

    Here, Willard's information provided in the motion, taken in conjunction with her previous behavior throughout the pendency of the action, compel a finding that her failure to appear was the product of excusable neglect and that therefore her motion for a new trial should have been granted.

    Under the first *Pioneer* factor, the potential for prejudice to the opposing party in this instance is high. The Ninth Circuit has held on various occasions that the failure to appear for trial can warrant dismissal of an action in its entirety. *See, e.g., Al-Torki v. Kaempen,* 78 F.3d 1381, 1385 (9th Cir. 1996) ("Failure to appear for trial ... prejudices an adversary and interferes with the court's docket about as much as any procedural default can."); *Huey v. Teledyne, Inc.,* 608 F.2d 1234, 1237-38 (9th Cir. 1979) (finding the district court had discretion to dismiss case with prejudice when plaintiff's counsel failed to appear for trial); *Anderson v. Hughes Helicopters, Inc.,* 865 F.2d 263 (9th Cir. 1988) (affirming dismissal of action when the pro se plaintiff failed to appear for trial); *Beard-Williams v. Palmdale Sch. Dist.,* 65 F. App'x 114, 115 (9th Cir. 2003) (affirming dismissal of action when pro se plaintiff failed to appear for sixth day of her jury trial). Allowing Willard to get essentially a second chance to appear for trial therefore grants her a significant benefit, at the potential cost to Appellees, who did appear for trial on time.

    However, this prejudice is somewhat diminished by the specific facts of this case, as illustrated

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

by the factual differences between this case and previous Ninth Circuit authority. For example, in *Al-Torki*, the Ninth Circuit affirmed dismissal for failure to appear when the plaintiff "did not fly to California as ordered for pretrial and trial," the district court determined that the plaintiff "may be doing something cute," and that the plaintiff was "systematically violating court orders," potentially in furtherance of "stall[ing] the…proceeding until after he had obtained a judgment in some other forum." *Al-Torki*, 78 F.3d at 1385 (internal quotation marks omitted). Certainly, these facts differ greatly from here, where Willard attempted to appear, albeit late, and had complied with all previous orders and made all previous appearances. This Court could not find a case where the failure to appear for less than an hour justified entry of judgment against the non-appearing party, and other cases suggest that more serious facts are generally present when dismissal of a case in its entirety is warranted. *See, e.g., Huey*, 608 F.2d at 1238 (finding dismissal was within the district court's discretion when "counsel's affidavit had stated that [the plaintiff] *could not proceed to trial*") (emphasis added); *Anderson*, 865 F. 2d 263, at *5, *7 (affirming dismissal for "*intentional* failure to appear" where court had given "*prior warnings that dismissal might be imposed* for willful violation of a court order") (emphasis added); *Beard-Williams*, 65 F. App'x at 115 (affirming dismissal for failure to appear for an *entire day* of trial "*without valid excuse*") (emphasis added).

      Moreover, "[a]lthough prejudice to the movant…is not a factor that…should be assessed in each and every case evaluating a Rule 60(b) motion, prejudice to the movant…is one of the 'relevant circumstances' that should be considered when evaluating excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). Here, the bankruptcy court's ultimate findings of fact and law supporting the judgment against Willard were based almost entirely on the fact that she presented no evidence – which the denial of her motion for new trial ensured she would never have a chance to do. In other words, while the potential for prejudice to Appellees, should a new trial be granted, is somewhat significant, the potential for prejudice to Willard, should a new trial not be granted, is at least of similar magnitude.

      Additionally, the remaining *Pioneer* factors indicate that excusable neglect was present here, as they all lean in favor of Willard. The delay in the proceedings here would have been minimal had trial gone forward when Willard arrived at the courthouse. The record demonstrates that Willard was under

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

an hour late, and made an attempt to appear, albeit a belated one, contacting the bankruptcy court and informing it that she was arriving at the court only about 10 minutes after the bankruptcy court terminated the proceedings. With trial set at 10:00 a.m., and Willard arriving at 10:50 a.m., the ultimate delay would have been under an hour.

Willard also provided the bankruptcy court with a reason that would justify a non-appearance: an urgent medical issue. The bankruptcy court rejected this reason, in large part because Willard had never advised the bankruptcy court of any medical issue and had never failed to appear because of such a medical issue. While Willard's failure to give additional details certainly diminishes the strength of this factor, the fact remains that her stated reason was colorable and would justify her non-appearance for about an hour. This factor therefore does lean in Willard's favor, albeit less powerfully than it would have had Willard provided a more detailed record.

As to good faith, Willard's previous behavior in the case indicates she made this motion in good faith. The record demonstrates that Willard had never previously missed an appearance in the Action and had complied with the bankruptcy court's previous orders, notably including the order to mediate and produce a pretrial stipulation helping establish relevant facts. Given that Willard had previously completely complied with the bankruptcy court's orders, and no other facts tend to show that she acted in bad faith here, this Court can only find that she acted in good faith.

Therefore, weighing all of the relevant factors, this Court finds that it was an abuse of discretion for the bankruptcy court to deny Willard's motion for a new trial.

This Court has great sympathy for the bankruptcy court's challenges in adjudicating the Action, which involves complex issues of bankruptcy law and has entirely self-represented parties. Indeed, in a previous appeal in this Action from the bankruptcy court's dismissal of the Action with prejudice, the Bankruptcy Appellate Panel noted "the singularly frustrating challenge posed to courts by self-represented parties." *In re Lockhart-Johnson*, 631 B.R. 38, 54 (B.A.P. 9th Cir. 2021) (Klein, J., concurring).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05656-SVW<br>2:20-ap-01073-BB<br>USBC Central District of California, 2:20-bk-10969-BB | Date | April 1, 2025 |
|---|---|---|---|
| Title | *In Re Sherrie Nicole Lockhart Johnson* | | |

However, having sufficiently shown that her failure to appear at that trial was the product of excusable neglect, the bankruptcy court should have afforded Willard a new trial. On remand, the bankruptcy court should hold a new trial on the same issues.

**V.     Conclusion**

For the foregoing reasons, the bankruptcy court's order denying the motion for a new trial is VACETED, and the case is REMANDED for further proceedings consistent with this order.

**IT IS SO ORDERED.**


cc: Bankruptcy Court

                                                                                                    :
                                                                                        _____
                                                                                        Initials of Preparer
                                                                                                    PMC